UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
AMARU MURA HASSAN BEY, *et al.*,    :    CASE NO. 1:11-CV-01126
                                                :
             Plaintiffs,                     :
                                                :
vs.                                           :    OPINION & ORDER
                                                :
STATE OF OHIO, *et al.*,                :
                                                :
             Defendants.                   :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiffs Amaru Mura Hassan Bey, Fareed Hasan Bey, and Armond Smith El filed this action under the Zodiac Constitution, the Treaty of Peace and Friendship of 1836, 18 U.S.C. §§241, 242, and 245, 42 U.S.C. § 1981 and 1983, the International Religious Freedom Act, and the Ohio Constitution against the State of Ohio, the City of Cleveland, the Cuyahoga County Recorder's Office, Cuyahoga County Executive Ed Fitzgerald, Cuyahoga County Recorders Office Supervisor Mark Parks, and Fiscal Officer Deputy Clerk Ronald Mack.  In the Complaint, Plaintiffs allege employees of the Cuyahoga County Recorders Office refused to file a document presented by Amaru Mura Hassan Bey.  They seek monetary damages.

## I.  Background

Plaintiff Amaru Mura Hassan Bey ("Hassan Bey") attempted to filed a document entitled "The Moorish Divine and National Movement of the World Legal Notice! Name Declaration,

Correction Proclamation and Publication" with the Cuyahoga County Recorder's Office on April 19, 2011. Deputy Clerk Ronald Mack reviewed the document and returned it unfiled to Hassan Bey with a notation that it was not recordable. Hassan Bey insisted it could be filed as a miscellaneous document but Mack indicated there was no such filing category. He referred Hassan Bey to Supervisor Mark Parks. Parks, in turn, referred Hassan Bey back to Mack.

Hassan Bey attempted to discuss the matter with Cuyahoga County Executive Ed Fitzgerald on April 20, 2011. He was told Fitzgerald was out of town for a week. Hassan Bey returned to the office on May 5, 2011. He spoke to Fitzgerald's assistant who told him Fitzgerald recommended he "go through the chain of command." [ECF No. 1 at 3]. Hassan Bey met again with Parks who told him the document would be sent to the legal department for review. Parks told him the legal department would contact him in two weeks. Hassan Bey claims that neither Parks nor the legal department contacted him "which constitutes an automatic default in judgment." [ECF No. 1 at 3].

Plaintiffs assert numerous claims for relief. Count I of his Complaint contains claims under 18 U.S.C. §§241, 242, and 245, 42 U.S.C. § 1981 and 1983. Count II of his Complaint contains assertions of Malfeasance of Office, Breach of Fiduciary Duty, Embezzlement and Malice in Office, Fourth and Fifth Amendments violations, violation of the International Religious Freedom Act, fraud, violation of the oath of office, and violation of the Ohio Constitution. He seeks enforcement of the Divine Constitution and By-Laws of the Moorish Science Temple of America, the Moorish Nation of America, Article VI of the United States Constitution, and the Treaty of Peace and Friendship. [ECF No. 1 at 4]. He requests that criminal charges be brought against the Defendants and demands monetary damages.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## III. Analysis

### A. Standing

As an initial matter, there are no allegations in the Complaint which pertain to Fareed Hasan

Bey, and Armond Smith El. They witnessed a signature on the document Hassan Bey attempted to file, but they do not appear to have attempted to file documents themselves. None of the claims pertain to wrongs done to them. In fact, the Complaint rests entirely on allegations that Hassan Bey's rights were violated.

In every federal case, the party bringing the suit must establish standing to prosecute the action. The question of standing asks whether the litigant is entitled to have the Court decide the merits of a particular claim. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). Consistent with these principles, the concept of standing contains two parts. First, there is Article III standing, which enforces the Constitution's case or controversy requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992). The second part is prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The Article III limitations require a plaintiff to show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. *See Lujan*, 504 U.S. at 560- 561. Prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's Complaint fall within the zone of interests protected by the law invoked. *Allen*, 468 U.S. at 751.

Fareed Hasan Bey, and Armond Smith El lack standing to raise the claims asserted in the Complaint. They have not suffered an injury in fact. Although they may be collaterally affected by the adjudication of Hassan Bey's rights, this relationship is insufficient to extend this Court's Article III powers to them. *Allstate Insurance Co.*, 760 F.2d at 692. The Court will consider only

the claims asserted by Hassan Bey.

## B. No Private Cause of Action

Although Hassan Bey may have standing to bring this action, the majority of his claims rest on authority which either is not recognized by this federal court, or does not provide a private cause of action in a civil case.

Hassan Bey relies on the Zodiac Constitution and the By-Laws of the Moorish Science Temple. While these documents may be of great personal importance to Hassan Bey, they are not recognized by United States federal courts as binding legal authority. *See Asim El v. Riverside Maintentance Corp.*, No. 95 Civ. 1204, 1998 WL 205304, at * 2 (S.D.N.Y. Apr. 27, 1998); *Bey v. Philadelphia Passport Agency-M*, Civ. A. No. 86-4906, 1986 WL 559, at *2 (E.D.Pa. Dec. 30, 1986). Article III of the United States Constitution provides this Court with federal question jurisdiction to hear claims that arise under the United States Constitution or the laws or treaties of the United States. The Zodiac Constitution and the By-Laws of the Moorish Science Temple do not fall within these parameters.

In addition, the Treaty of Peace and Friendship and the International Religious Freedom Act, do not provide a private cause of action in a civil case. See *Vuaai El v. Mortgage Electronic Registry System*, No. 08-14190, 2009 WL 2705819, at n.11 (E.D.Mich. Aug. 24, 2009). The Treaty of Peace and Friendship as cited by Hassan Bey appears to govern relationships between Moroccan citizens and United States citizens. Although Hassan Bey claims to be a descendent of the Moors, he also alleges he was born in the United States. There is no indication that he has Moroccan citizenship. Moreover, the Treaty as cited does not provide grounds for private parties to file civil actions. Hassan Bey therefore cannot rely on the Treaty as the basis to assert claims against other

United States citizens or government officials. The International Religious Freedom Act, 22 U.S.C.A. § 6401, authorizes government tracking of and intervention in cases of religious persecution abroad. It does not address Hassan Bey's ability to file miscellaneous documents in the County Recorders Office and contains no provision for a private cause of action against United States citizens.

Hassan Bey also asserts claims under 18 U.S.C. §§ 241, 242, and 245. These are criminal statutes and provide no cause of action to civil plaintiffs. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). To the extent Hassan Bey is attempting to bring criminal charges against the Defendants, he cannot proceed. Criminal actions in the Federal Courts are initiated by the United States Attorney, not by private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

### C.  42 U.S.C. § 1981

Only Hassan Bey's claims under 42 U.S.C. §§ 1981 and 1983 provide a basis for federal subject matter jurisdction. Hassan Bey, however, fails to successfully allege a claim under either of these statutes.

First, Hassan Bey has not included factual allegations to suggest he may have a claim under 42 U.S.C. § 1981. Title 42 U.S.C. § 1981 guarantees all persons within the jurisdiction of the United States, regardless of race, the right to make and enforce contracts, the right to sue and be a party to a lawsuit, give evidence, and to enjoy the full and equal benefit of laws for the security of property. To state a claim under this statute, Hassan Bey must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v.*

*Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). While Hassan Bey may be a member of a racial minority, he does not allege that the Defendants intended to discriminate against him because of his race, or that their actions prevented him from making or enforcing a contract, bringing a lawsuit, giving evidence, or engaging in any of the other activities described in the statute. There are no factual allegations in his Complaint that address any of the elements of a cause of action under § 1981.

### D. 42 U.S.C. § 1983

In addition, Hassan Bey has not alleged facts to support a cause of action under 42 U.S.C. §1983. To establish a prima facie case under 42 U.S.C. § 1983, Hassan Bey must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Hassan Bey asserts claims under the Fourth and Fifth Amendments. Because the Constitution does not directly provide for damages, he must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Hassan Bey's constitutional claims, the Court construes them as arising under 42 U.S.C. § 1983.

These claims, however, cannot be asserted against the State of Ohio in an action for damages under 42 U.S.C. § 1983. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

While his constitutional claims can arguably be asserted against the remaining Defendants

in a §1983 action, Hassan Bey fails to state a claim for relief under the Fourth or Fifth Amendments. His Fourth Amendment claim is wholly undefined and stated entirely as a legal conclusion. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and [that] no Warrants shall issue, but upon probable cause ...." U.S. Const. amend. IV. The Fourth Amendment's protections hinge on the occurrence of a "search" or a "seizure." *See Kyllo v. United States*, 533 U.S. 27, 32 (2001). It limits the circumstances under which the government can intrude upon the private property of its people and seize their property or effect their arrest. Hassan Bey alleges the government would not take his document when he attempted to give it to them. There are no allegations in the Complaint which suggest this action is prohibited by the Fourth Amendment.

Hassan Bey also contends he was denied procedural due process guaranteed by the Fifth Amendment. The Fifth Amendment provides that "no person shall be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). To assert a claim for denial of procedural due process, Hassan Bey must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Hassan Bey is not challenging

an established state procedure, nor is he claiming the Defendants refused to follow an established state procedure. Instead, he developed his own legal document and his own legal procedure and demanded compliance with it. The Defendants' refusal to acknowledge or respond to Hassan Bey's demands is not a denial of due process.

Finally, Hassan Bey claims he was denied equal protection of the law. Although he cites the Fifth Amendment as the legal authority for this claim, the Equal Protection Clause is found only in the Fourteenth Amendment. This constitutional provision prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006). After disparate treatment is shown, the equal protection analysis is applied to determine the classification used by government decision-makers. Hassan Bey, however, has not alleged disparate treatment. There is no indication that other individuals have been permitted to file miscellaneous documents of their own design at the Recorder's Office. Absent an allegation of disparate treatment, his equal protection claim fails to state a claim upon which relief may be granted.

### E. State Law Claims

The remainder of Hassan Bey's claims arise, if at all, under State law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United*

*Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Hassan Bey's federal law claims, this Court declines jurisdiction to hear Hassan Bey's state law claims.

### IV. Conclusion

Accordingly, Hassan Bey's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: October 4, 2011                         *s/      James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[1]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.